FILED
SUPERIOR COURT
OF GUAM

2023 MAR -8 PM 5: 04

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM | ) | CRIMINAL CASE NO.CF0313-21 |
| | ) | |
| v. | ) | |
| | ) | DECISION AND ORDER |
| NICHOLAS WAYNE MOORE, | ) | RE. DEFENDANT'S MOTION FOR |
| DOB: 04/08/1998 | ) | MODIFICATION OF BAIL/RELEASE |
| DEFENDANT. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on February 28, 2023, for a hearing on Defendant Nicholas Wayne Moore's (the "Defendant") Motion for Modification of Release Conditions filed on February 14, 2023.[1] Defendant was present with counsels and Attorneys Michael Phillips and William Gavras argued on his behalf. The People of Guam were represented by Assistant Attorney General Basil O'Mallan. The People had not filed any response to the Defendant's Motion; therefore, the Court ordered the People to file any written response by close of business on Friday, March 3, 2023. The People filed its Opposition on March 1, 2023. The Court provided defense counsels with a date on which to file a Reply to the Opposition; however, counsel declined the opportunity to submit a response.

---

[1] This matter was originally assigned to the Honorable Judge Alberto E. Tolentino; however, in his absence, this case was assigned to the undersigned after the Honorable Judge Arthur R. Barcinas issued the Decision and Order granting Defendant's Motion for a Mistrial. With Judge John C. Terlaje having taken the bench and assumed Judge Tolentino's docket until his return, this matter shall be returned to the original court assigned to this case. The undersigned has agreed, however, to address the pending Motion.

People of Guam v. Moore, CF0313-21
Decision and Order Re. Def.'s Mot. for Mod. Of Bail/Release
Page 1 of 6

Therefore, upon review of the pleadings currently on file relating to the instant Motion, the arguments of counsels during the hearing and the previous Decision and Order (Motion for Release with Conditions) issued by Judge Alberto E. Tolentino on November 28, 2022 (the "November Decision and Order"), the Court issues the instant Decision and Order **DENYING** Defendant's release on the original conditions set forth in the Order of Conditional Release and Appearance Bond ("OCR") as proposed in the Motion, but **GRANTING** Defendant's Motion to the extent that it modifies the November Decision and Order issued by Judge Tolentino, as more fully set forth herein.

## DISCUSSION

By the instant Motion, Defendant seeks release "on bail" subject to any further restrictions including house arrest and Electronic Monitoring ("EM"), as previously ordered by Magistrate Judge Jonathan R. Quan in the OCR issued on June 30, 2021. *Mot.* at 1, 14 (Feb. 14, 2023). He seeks release primarily on the basis of "changed circumstances", including his incarceration for the last seven months; the declaration of a mistrial in this matter on January 23, 2023; his waiver of speedy trial rights on January 23, 2023; the resignation of the assigned prosecutor for this case; the perceived reduced strength of the case against Defendant; and, the declaration by the Office of the Attorney General that further review of the case is necessary in order to determine how to proceed in this case. *Mot.* at 1-2. Defendant's Motion makes no offer of TPCs (as previously required by Judge Tolentino in the November Decision and Order) but argues, without further explanation or legal authority, that requiring TPCs places release "outside of his control." *Id.* at 3.

The People oppose Defendant's release on the basis of Defendant's numerous pre-trial violations of his release conditions and counters each of the factors enumerated by the Defendant as warranting his release to be wholly irrelevant to whether Defendant should now be released.

People of Guam v. Moore, CF0313-21
Decision and Order Re. Def.'s Mot. for Mod. Of Bail/Release
Page 2 of 6

The People do recognize, however, that Judge Tolentino "indicated its willingness to release the Defendant with two approved third-party custodians (TPC)." *Id.* at 5. The People do not appear to oppose release upon the acceptance by the Court of TPCs.

In considering Defendant's instant Motion, the Court considers factors which are set forth in 8 GCA §§ 40.50, 40.50 and 40.75. *People v. Song,* 2011 Guam 19 ¶ 10.[2] The Court also finds it helpful to review Judge Tolentino's previous findings in mandating, as a condition of Defendant's prior motion for release, two TPCs to further supervise the Defendant upon his release. In his Decision and Order, Judge Tolentino found as follows:

> Defendant argues that the unauthorized stops he made while on electronic monitoring were ten minutes or less, but the Court notes that ten minutes is long enough to obtain illegal drugs. Defendant tested positive for illegal drugs while on electronic monitoring, which means that he was able to obtain illegal drugs while on electronic monitoring and house arrest. The Court delayed jury selection after Defendant consumed illegal drugs, and the Court is concerned that could happen again. The Court believes that a third-party custodian could ensure that Defendant does not have access to illegal drugs. Likewise, Defendant contends the day he failed to appear at jury selection he overslept. A third-party custodian could prevent Defendant from failing to appear at trial again. Therefore, the Court maintains that if Defendant can present the Court with two people who have been approved by Probation to serve as his third-party custodians the Court will order Defendant released from custody.

*Decision and Order* at 4. Judge Tolentino ruled that requiring Defendant to have two approved TPCs was the least onerous condition upon which release would be approved. *Id.* Given the length of time during which Judge Tolentino had to observe the Defendant and to address his numerous

---

[2] Defendant asks this Court to consider that the evidence provided during the course of the trial of this matter is insufficient to convict the Defendant and "overwhelmingly demonstrates Eric Salone fired the single shot...". However, the Court will not invade the province of the jury in order to make such a determination of fact. Moreover, this argument is inapposite, as it is not a factor which the Court considers under 8 GCA §§ 40.50, 40.50 and 40.75. Moreover, as the Court found in ruling on Defendant's motion for a mistrial, the trial was far from concluded: "...[D]espite trial beginning seven months ago, it does not appear that the trial is close to its conclusion. The People have not rested its case, Defendant needs to present his case, and both parties need to present closing arguments." *Decision and Order Def's Ex Parte Mot. for a Mistrial* at 5 (Jan. 23, 2023). Thus, the Court will not consider this argument as relevant for the purposes of redetermining bail.

People of Guam v. Moore, CF0313-21
Decision and Order Re. Def.'s Mot. for Mod. Of Bail/Release
Page 3 of 6

willful pre-trial violations, this Court relies heavily upon his earlier findings. The mere passage of time and the Defendant's pre-trial detention since July, 2022, are not sufficient to assure the Court that the Defendant would not commit future violations and would appear at future court proceedings while on the same release conditions as originally set by the magistrate judge.[3]

In an attempt to satisfy the Court's concerns, defense counsel offers that Defendant can be subjected to more frequent drug tests (to prevent from the reoccurrence of the drug use violations) and argues that the drug use violations "did not turn Defendant into either a flight risk or danger to the community." *Id.* This argument ignores the significant impact that Defendant's drug use had contributing to the delay of trial and interference with the proceedings in this case, which in and of itself is a contumacious act. 7 GCA § 34101. Moreover, Defendant was already subject to random drug and alcohol testing and flatly refused to submit to the required drug testing at least twice before his release was revoked. See, 2nd Violation (June 16, 2022); 3rd Violation (June 17, 2022). Additionally, as to the violation for failing to report to court for jury selection, Defendant depreciates the gravity of this violation by cavalierly responding that he only overslept that one day and at least the tracking device shows that he was at home. *Mot.* at 5. Defendant was already released on EM, with $100,000.00 cash bail surrendered as security for his release and subject to forfeiture "if Defendant fails to make any court appearance or violates any of the terms of this Release Order", and yet ensuring that he was compliant and *at the very least* appeared at the selection of the jury trial of this case did not appear to be of any importance to him. On the combinations of all of these violations – 5 in all – Judge Tolentino determined that requiring a TPC, or two, would ensure Defendant's future appearance as well as compliance with all other

---

[3] The Court finds it significant that Defendant twice caused the delay of jury selection and trial for (1) not appearing on the day of jury selection and (2) for being under the influence of substances during trial. *Nov. Decision and Order.*

People of Guam v. Moore, CF0313-21
Decision and Order Re. Def.'s Mot. for Mod. Of Bail/Release
Page 4 of 6

conditions of release. Judge Tolentino's findings are as sound now as they were then. Other than the passage of time and Defendant's pre-trial confinement, Defendant as not provided the Court with any information which would warrant release on the original conditions set forth in the OCR issued by the magistrate judge or without any TPCs.

Notwithstanding the Court's findings herein and the People's opposition, however, Defendant's Motion for Reconsideration of Bail shall be GRANTED to the extent that it modifies the earlier November Decision and Order requiring *two* TPCs and shall require a single TPC in order to consider his release. On the issue of additional security to secure his release, however, because the original bail amount of $100,000.00 is now subject to forfeiture, Defendant must post an additional $100,000.00 cash bail which will be subject to forfeiture upon the violation of any condition of his pre-trial release as well as any failure to appear at any and all court proceedings.

## CONCLUSION

For the reasons set forth herein, the Court DENIES Defendant's Motion to the extent that it seeks his release on the original conditions set forth in the OCR dated June 30, 2021, but GRANTS Defendant's Motion to the extent that it modifies the November Decision and Order requiring two (2) TPCs and reduces the number of required TPCs to a single court-approved individual who would be subject to contempt of court for the failure to properly supervise the Defendant as required under the Order of Conditional Release. Additional conditions of Defendant's release shall include:

1. The posting of additional cash bail in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), subject to forfeiture for any violation of Defendant's pre-trial release conditions. The Court was informed that, although no bail forfeiture hearing had been set by Judge Tolentino on the

People of Guam v. Moore, CF0313-21
Decision and Order Re. Def.'s Mot. for Mod. Of Bail/Release
Page 5 of 6

previous revocation of Defendant's pre-trial release, that the People intended to seek forfeiture of the original bail.

2. Electronic Monitoring ("EM") which would subject Defendant to immediate detention and revocation for any breach of the EM exclusion/inclusion zone(s).

3. All other standard conditions governing Defendant's behavior and compliance during his release as shall be set forth during the hearing.

It must be noted that Defendant's release in CF314-21 wherein Defendant is charged with Aggravated Murder, Murder and Aggravated Assault (together with Special Allegations of Deadly Weapon Used in Commission of a Felony) has not been revoked, as the People have not sought revocation in that case.[4] Thus, upon release in this case to TPC(s), EM, cash bail and upon the conditions set forth in the Order of Conditional Release and Appearance Bond (the "OCR") that shall be issued at the future hearing of this matter, the Defendant shall also be released on EM and TPC(s) in that case. All other conditions shall remain unchanged.

Following confirmation from Probation of an approved TPC for the Defendant and payment of cash bail, the Court shall schedule a bail hearing at which the Court shall issue conditions that shall govern his release in the relevant cases and install the EM monitor.

**SO ORDERED** this _8th day of March, 2023._

_____
**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**

---

[4] The undersigned is the original assigned judge for CF314-21, which both Defendant and the People have requested track or follow the trial or final adjudication of CF313-21; however, this Court is concerned that further delay of the trial of CF313-21 already exceeds the time standards established by the Guam Supreme Court in Administrative Rule 13-003 (May 13, 2013). During the hearing of this matter, the Court had informed counsels that it intended to bring CF314-21 to trial in July, 2023; however, the Defendant's counsel requested a later date, such as October, 2023. The Court is still considering the Defendant's request.

People of Guam v. Moore, CF0313-21
Decision and Order Re. Def.'s Mot. for Mod. Of Bail/Release
Page 6 of 6